IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**FIREMEN'S INSURANCE COMPANY**
**OF WASHINGTON DC,**

      Plaintiff,

v.                                                                                  Civil Action No. _____

**MULTIPOWER (INTERNATIONAL) LTD.,**

      Defendant.                                                    **JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Firemen's Insurance Company of Washington, DC, by counsel, for its Complaint against defendant Multipower (International) Ltd., avers as follows:

## PARTIES

1. Firemen's Insurance Company of Washington, DC ("Plaintiff" or "FIC") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 4820 Lake Brook Drive, Suite 300, Glen Allen, VA 23060-9285.

2. At all times relevant hereto, FIC provided property insurance on a policy issued to Rivendell, LLC ("Rivendell") in connection with its property located at 1365 Taylor Farm Road, Virginia Beach, VA 23453 (the "subject property"), and such policy of insurance was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim was made on said policy (which was duly paid pursuant thereto), FIC became subrogated to certain recovery rights and interests against the parties responsible for the monies paid thereunder, including the claims giving rise to this action.

4. At all times relevant hereto, defendant Multipower (International) Ltd. ("Multipower" or "Defendant"), upon information and belief, was and is a private limited company (corporation) organized and exiting under the laws of the United Kingdom with its principal place of business located at 8 Langney Green, Tattenhoe, Milton Keynes, MK4 3ES, United Kingdom.

5. Defendant is in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling and/or distributing batteries, chargers and associated items, including the batteries (the "subject batteries") at issue in this case.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because it is between a citizen of a State and a citizen or subject of a foreign state and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## GENERAL ALLEGATIONS

8. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

9. Prior to October 28, 2020, Defendant designed, manufactured, tested, inspected, assembled, marketed, sold and/or distributed and placed into the stream of commerce the subject batteries.

10. Prior to October 28, 2020, Rivendell leased the subject property to Special Projects Operations, Inc. ("SPO").

11. Prior to October 28, 2020, SPO purchased the subject batteries.

12. Prior to October 28, 2020, SPO used the subject batteries in a foreseeable, normal, ordinary, and intended manner.

13. On or about October 28, 2020, a fire erupted at the subject property as a direct result of an overheating event internal to the subject batteries.

14. Prior to the fire, the subject batteries had not been modified, changed, altered, misused or abused by SPO in any way beyond what was authorized, provided or anticipated by Defendant after it had placed the subject batteries into the stream of commerce.

15. The fire caused extensive damage to Rivendell's real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses and hardship besides, for which Plaintiff was compelled to reimburse Rivendell.

16. As a result of the aforementioned fire, Plaintiff sustained damages in an amount well in excess of $75,000.

## **COUNT I – NEGLIGENCE**

17. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

18. Defendant owed a duty of reasonable care to purchasers and users and the like with regard to the designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and placing into the stream of commerce the subject batteries; and breached said duty.

19. Defendant knew, and intended, that the subject batteries would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which they would be utilized.

20. The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, suppliers and/or servants, more specifically failing to exercise reasonable care described as follows:

   a. carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute and/or place into the stream of commerce properly functioning and defect-free batteries, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

   b. carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute and/or place into the stream of commerce the subject batteries free from defects;

   c. carelessly and negligently failing to properly determine that the subject batteries were not in a safe condition, and free of all material defects;

   d. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject batteries when it knew, or should have known, that the product was unsafe and unfit for its intended use;

   e. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject batteries when Defendant knew, or should have known, that the product would be inadequate for the reasons for which it was purchased;

   f. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce the subject batteries that had unreasonably dangerous electrical components that caused the product to catastrophically fail and/or malfunction;

   g. carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and/or placing into the stream of commerce dangerous and defective batteries that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm;

   h. carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell and/or distribute the

      subject batteries prior to introducing the product into the stream of commerce; and/or

   i. carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous.

21. As a direct and proximate result of Defendant's aforementioned negligent and careless actions and/or omissions, the aforementioned fire occurred and Defendant is liable to Plaintiff for the damages sustained, which well exceed $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount well in excess of $75,000, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court may deem appropriate under the circumstances.

### COUNT II – BREACH OF WARRANTIES

22. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

23. In conjunction with the design, manufacturing, testing, inspecting, assembling, marketing, selling, distributing and placing into the stream of commerce of the subject batteries, Defendant expressly and/or impliedly warranted that the subject batteries would be free from defects and safe to use for their intended purpose.

24. Rivendell, to its detriment, relied upon the warranties set forth by Defendant.

25. Based upon the aforementioned careless and negligent conduct on the part of Defendant as set forth in Count I, Defendant has breached these warranties.

26. Furthermore, based upon the fact that that the subject batteries were not free of defects, were not of merchantable quality, and were not fit for the purposes for which intended, Defendant breached the aforementioned warranties.

27.     Rivendell and Plaintiff have performed all conditions precedent to recover based upon such breaches.

28.     As a direct and proximate result of the aforesaid breaches, the aforementioned fire occurred and Defendant is liable to Plaintiff for the damages sustained, which well exceed $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount well in excess of $75,000, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated:  April 28, 2021            **FIREMEN'S INSURANCE COMPANY OF WASHINGTON, DC**

By:      */s/ David C. Hartnett*
                    Of Counsel

James L. Chapman, IV, VSB No. 21983
David C. Hartnett, VSB No. 80452
CRENSHAW, WARE & MARTIN, P.L.C.
150 West Main Street, Suite 1500
Norfolk, Virginia 23510
Telephone:  (757) 623-3000
Facsimile:  (757) 623-5735
jchapman@cwm-law.com
dhartnett@cwm-law.com
*Counsel for Plaintiff*